**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| MATTHEW R. NYE,<br><br>                    Plaintiff,<br>  vs.<br><br>VIKING SPIRIT, INC., *in personam*; VIGILANT, LLC, *in personam*; F/V VIGILANT, O.N. 1251422, her engine, tackle, gear, apparel, furniture and equipment, *in rem*,<br><br>                    Defendants. | **Case No. 1:17-cv-00002-SLG** |
| VIKING SPIRIT, INC., an Alaska Corporation; and VIGILANT, LLC, an Alaska Limited Liability Company,<br><br>                    Plaintiffs,<br>  vs.<br>MATTHEW R. NYE, a single man,<br><br>                    Defendant. | (Consolidated with Case No. 3:17-cv-00108-SLG) |

**ORDER DENYING IN PERSONAM DEFENDANTS' MOTION TO DISCONTINUE CURE FOR PSYCHOLOGICAL TREATMENT**

Before the Court at Docket 42 (Sealed) is Defendants' Motion to Discontinue Cure for Psychological Treatment. Plaintiff filed an opposition to the motion at Docket 44 (Sealed), to which Defendants replied at Docket 46 (Sealed). Oral argument was not requested and was not necessary to the Court's determination. Upon consideration of the parties' submissions, the Court will deny the motion for the reasons stated herein.

Defendants seek an order that would discontinue Defendants' cure obligation with respect to Matthew Nye's psychological treatment. Mr. Nye had been receiving regular counselling services from licensed psychologist Sapana Donde beginning in May 2016. The motion is based on Mr. Nye's voluntary termination of treatment on June 27, 2017. Thereafter, Mr. Nye evidently remained in the Austin, Texas area for approximately five weeks. On August 3, he travelled to Central America, where he remained for approximately 9 weeks until October 5, 2017. He then returned to United States for approximately ten days, then travelled to Peru for one week. He returned to the Austin area on October 22, 2017. Mr. Nye then resumed counselling session with Dr. Donde on November 2, 2017.

Defendants assert that Mr. Nye's decision to stop going to weekly therapy sessions from July through October 2017, particularly during those times when he was within the United States during these months, constitutes a voluntary withdrawal from treatment and warrants a finding by this Court that Mr. Nye has forfeited his right to additional cure payments for psychological counselling from Dr. Donde.

Plaintiff responds that Mr. Nye's treatment with Dr. Donde was not terminated on June 27, 2017. Rather, treatment was temporarily suspended due to Mr. Nye's travel and pursuit of alternative healthcare treatments. A declaration of Dr. Donde dated December 3, 2017 was provided in support of these assertions. In it, Dr. Donde indicates that she "continued to communicate with Mr. Nye via telephone and email" from July through October 2017. She adds that "Mr. Nye remains under my care because he has not met his treatment goals," and that she continues "to provide therapy for his symptoms of PTSD, anxiety and depression he suffers from as a consequence of the accident on the

1:17-cv-00002-SLG, *Nye v. Viking Spirit, Inc., et al.*
Order Denying Motion to Discontinue Cure for Psychological Treatment
Page 2 of 3

fishing boat."[1]

The Court finds that Mr. Nye did not forfeit his right to resume psychological cure when he temporarily stopped counselling with Dr. Donde. As the Western District noted in *Ward v. EHW Constructors*, 2016 WL 6198626, \*2 (W.D. Wash. 2016) (quoting *Oswalt v. Williamson Towing Co., Inc.*, 488 F.2d 51, 53 (5th Cir. 1974)), "cure payments 'are held forfeit only under certain well-defined and narrowly limited circumstances.'" In *Ward*, the district court held that the plaintiff's failure to quit smoking when his doctors required abstinence from smoking before surgery, "is tantamount to a voluntary rejection of treatment for the purpose of applying the Ninth Circuit's precedent in *Johnson*, [*U.S. v. Johnson*,] 160 F.2d [789,] 798 [(9th Cir. 1947), *affirmed in part, reversed in part*, 333 U.S. 46 (1948)]." Accordingly, the district court found that the plaintiff's failure to quit smoking "constitutes a voluntary or unreasonable rejection of medical care." However, in *Ward*, the district court noted that defendants had stipulated to resume the cure payments if the plaintiff resumed medical treatment, presumably after quitting smoking.[2] Here, Mr. Nye has resumed treatment with Dr. Donde, who has indicated it is of continuing benefit to him. In these circumstances, the Court finds that an order permanently terminating Defendants' responsibility for psychological treatment is not warranted at this time.

For the foregoing reason, the Motion to Discontinue Cure for Psychological Treatment filed at Docket 42 is DENIED.

DATED this 6th day of February, 2018 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[1] Docket 45 (Donde Declaration) at 3.

[2] *Wad,* 2016 WL 6198636, at \*2.

1:17-cv-00002-SLG, *Nye v. Viking Spirit, Inc., et al.*
Order Denying Motion to Discontinue Cure for Psychological Treatment
Page 3 of 3