## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MATTHEW R. NYE,<br><br>    Plaintiff,<br><br>  v.<br><br>VIKING SPIRIT, INC., *in personam*; VIGILANT, LLC, *in personam*; F/V VIGILANT, O.N. 1251422, her engine, tackle, gear, apparel, furniture and equipment, *in rem*,<br><br>    Defendants. | IN ADMIRALTY<br><br>Case No. 1:17-cv-00002-SLG |

### ORDER RE MOTION TO COMPEL RESPONSES TO DEFENDANTS' FOURTH SET OF DISCOVERY

Before the Court at Docket 79 is Defendants' Motion to Compel Discovery Responses to Defendants' Fourth Set of Discovery.[1] Plaintiff opposed at Docket 88; Defendants replied at Docket 90.[2] Oral argument was not requested and was not necessary to the Court's decision.

### BACKGROUND

This is an admiralty case brought by Plaintiff Matthew Nye against Defendants Viking Spirit, Inc., Vigilant, LLC, and F/V Vigilant, O.N. 1251422. Mr. Nye seeks damages for personal injuries he sustained while he was a seaman aboard the F/V Vigilant. Mr. Nye receives ongoing maintenance and cure.[3]

---

[1] *See* Docket 80 (Declaration of Thomas G. Waller in Support of Motion to Compel).

[2] *See* Docket 89 (Declaration of Douglas R. Williams).

[3] *See* Docket 47 (Order re Motion to Discontinue Cure); Docket 81 (Order re Motion to Increase Maintenance) at 11.

On July 17, 2017, the Court entered a Scheduling and Planning Order, which set discovery deadlines and limited the number of interrogatories to thirty, based on the agreement of the parties.[4] In July 2017, Defendants served their First Discovery Requests, which contained Interrogatory Nos. 1–20.[5] On September 25, 2017, Defendants served their Second Discovery Requests, which contained Interrogatory No. 21.[6] Interrogatory No. 21 states as follows:

> Provide the following information for all out-of-country travel since the date of the injury alleged in your complaint: dates of all travel; cost and identity of all persons and entities providing accommodations (e.g., motel/hotel/hostel/friends); destinations (countries, cities, parks, recreational facilities; etc.); identity and contact information for all fellow-passengers (including persons travelling with you from the U.S. and persons with whom you travelled with/between foreign destinations); the names of all medical/therapy facilities and providers; dates of all foreign treatment/therapy and the purposes of said treatment (e.g., mind/body/spirit)[.][7]

Mr. Nye objected on the basis that the interrogatory "is overbroad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of nonprivileged admissible evidence. . . . [and] because it is vague and ambiguous."[8] Mr. Nye nevertheless provided an answer. In March 2018, Defendants served their Third Discovery Requests, which included Interrogatory Nos. 22–24.[9] On April 1, 2018,

---

[4] Docket 20 (Scheduling and Planning Order); *see* Docket 18 (Status Report).

[5] Docket 88 at 3, ¶ 4.

[6] Docket 79 at 2.

[7] Docket 80-3 (Exhibit 3 – Plaintiff's Responses to Second Discovery Request) at 4.

[8] Docket 80-3 at 4.

[9] Docket 88 at 4.

Case No. 1:17-cv-00002-SLG, *Nye v. Viking Spirit, Inc., et al.*
Order Re Motion to Compel Responses to Defendants' Fourth Set of Discovery
Page 2 of 8

Defendants served their Fourth Discovery Requests, which included Interrogatory Nos. 25–34.[10] Mr. Nye responded to Interrogatory No. 25 and objected to Interrogatory Nos. 26–34, stating as follows in response to each: "Plaintiff objects to this Interrogatory because Defendants have exceeded the thirty interrogatories permitted by the Court[']s Scheduling and Planning Order. Interrogatory no. 21 included at least six discrete subparts."[11]

Defendants now seek to compel Mr. Nye's response to Interrogatory Nos. 26–34, asserting that: (1) Mr. Nye "waived any objection to Defendants['] exceeding the thirty-interrogatory limit by selectively answering Defendants' fourth set of discovery"; and (2) "Defendants' Interrogatory No. 21 should be considered one interrogatory because it seeks information directly related to Plaintiff's out-of-country travel."[12] Defendants also "request the Court compel responses to Defendants' additional interrogatories as a matter of efficiency and in consideration of the discovery cutoff."[13]

**DISCUSSION**

1. Waiver

Defendants assert that "[i]f a party believes that the numerical limitation for interrogatories has been exceeded, it waives the objection if it selectively answers some of the interrogatories and objects on this ground to the rest."[14] Defendants point out that,

---

[10] Docket 79 at 3.

[11] Docket 80-4 (Exhibit 4 – Plaintiff's Responses to Fourth Discovery Request) at 4–6. Mr. Nye's responses to Interrogatory Nos. 32–34 did not contain the latter sentence.

[12] Docket 79 at 3–4.

[13] Docket 79 at 5.

[14] Docket 79 at 3 (citing *Allahverdi v. Regents of University of New Mexico*, 228 F.R.D. 696, 698

Case No. 1:17-cv-00002-SLG, *Nye v. Viking Spirit, Inc., et al.*
Order Re Motion to Compel Responses to Defendants' Fourth Set of Discovery
Page 3 of 8

citing *Allahverdi v. Regents of Univ. of New Mexico*, a District of Alaska court stated that "[a] party who selectively responds to some interrogatories may be found to have waived its objection to the number of interrogatories."[15] Mr. Nye responds that "the rule of *Allahverdi* does not apply where a party serves multiple sets of discovery requests."[16]

Here, Defendants served four sets of interrogatories. According to Mr. Nye's calculation—by which Interrogatory No. 21 constituted six distinct interrogatories—the first three discovery requests contained a total of twenty-nine separate interrogatories.[17] Thus, according to Mr. Nye, Defendants' Fourth Discovery Request represented the thirtieth through thirty-ninth interrogatories served on Mr. Nye in the case. Mr. Nye's decision to answer the first interrogatory—titled Interrogatory No. 25 but representing number 30 to Mr. Nye—and object to the remaining interrogatories comported with Alaska Local Rule (Civil) 33.1, which provides:

> **(a) Duty to Answer.** In the event that a party is served with a number of interrogatories in excess of the number permitted under Federal Rule of Civil Procedure Rule 33(a)(1), the stipulation of the parties, or the order of the court, the receiving party must answer or otherwise interpose an objection, other than an objection that the number of interrogatories

---

(D.N.M. 2005)).

[15] *Lewis v. Donley*, 2009 WL 2176123, at *3 (D. Alaska July 22, 2009) (citing *Allahverdi*, 228 F.R.D. at 698). The quoted language is from the "Standards of Review" section of the order. The case did not involve any assertion that a party had waived its objection to the number of interrogatories, *Id.* at *4 n.15. Rather, the court concluded that the subparts to certain interrogatories constituted discrete interrogatories and denied the motion to compel because it found an excessive number of interrogatories. *Id.* at *3-5. *Lewis* is not persuasive authority on the waiver issue.

[16] Docket 88 at 5 (citing *Paananen v. Cellco Partnership*, 2009 WL 3327227, *5 (W.D. Wash. Oct. 8, 2009) ("[A] rule that a numerosity objection is waived after any interrogatory response fails to account for situations where parties submit their interrogatories in multiple sets. If a responding party answers an initial set of 15 interrogatories and is then served with 11 more, it would defy logic to hold that that party has waived its objection to the numerosity of the new set.")).

[17] Whether Mr. Nye was correct in counting Interrogatory No. 21 as six separate interrogatories is discussed below. *See infra* pp. 5–7.

Case No. 1:17-cv-00002-SLG, *Nye v. Viking Spirit, Inc., et al.*
Order Re Motion to Compel Responses to Defendants' Fourth Set of Discovery
Page 4 of 8

> exceeds the maximum allowed, to the first number of interrogatories that do not exceed the maximum number allowed.
>
> **(b) Response to Excess Interrogatories.** The party receiving the interrogatories may, as to each excess interrogatory at the option of the party receiving the interrogatories, either: (1) answer the interrogatory; or (2) object to the interrogatory by signifying "Objection. *See* Rule 33(a)(1)."[18]

Furthermore, to require a party to respond sequentially only to the mandated number of interrogatories and object to the rest makes more sense than holding that a party who answers any interrogatories has waived its numerosity objection altogether—such a rule would "incentivize litigants to file protective orders in every case before responding to a single interrogatory."[19] Accordingly, Mr. Nye did not waive his right to object to excess interrogatories.[20]

    2. Number of Interrogatories Served

Fed. R. Civ. P. 33(a) states, "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."[21] As stated in the Advisory Committee notes to the 1993 Amendment, "Parties cannot evade this presumptive limitation through the device of joining as 'subparts' questions that seek information about discrete separate subjects." As noted in *Lewis*, "subparts seeking various, and unconnected, factual details will be considered discrete" and therefore will count as separate interrogatories.[22] Defendants

---

[18] Mr. Nye did not specifically cite to Rule 33(a)(1) in his objections to the excess interrogatories.

[19] *Paananen*, 2009 WL 3327227, at *4.

[20] Regardless of whether or not Interrogatory No. 21 is considered a single interrogatory, Defendants exceeded the thirty interrogatory limit by serving thirty-four interrogatories on Mr. Nye.

[21] It is undisputed that the parties in this case agreed to a limit of thirty interrogatories.

[22] *Lewis*, 2009 WL 2176123, at *4 (

Case No. 1:17-cv-00002-SLG, *Nye v. Viking Spirit, Inc., et al.*
Order Re Motion to Compel Responses to Defendants' Fourth Set of Discovery
Page 5 of 8

nevertheless assert that Mr. Nye was incorrect in refusing to answer Interrogatory Nos. 26–30 on the basis that Interrogatory No. 21 acts as six separate interrogatories.[23] Defendants contend:

> The common theme of Interrogatory No. 21 concerns plaintiff's out-of-country travel since his injury. The subparts all seek to elicit details concerning this common theme (i.e., dates of travel, cost and identity of accommodations, destinations, etc.). The requested details are "directly related" and "subsumed within the primary question" of plaintiff's post-injury international travel. As such, Interrogatory No. 21 should be fairly counted as a single interrogatory for Rule 33 purposes and plaintiff should be compelled to answer Interrogatories No. 26-30.[24]

Mr. Nye responds that "Defendants have introduced six inquiries disguised as one in an attempt to circumvent the limitation on interrogatories," asserting that the subparts are not sufficiently linked to constitute a single interrogatory.[25]

Defendants cite *Estate of Manship v. U.S.*, a case in which a district court held that an interrogatory with subparts "request[ing] the content, time, place, and persons participating in [certain] communications" would count as one interrogatory because the "information . . . is logically and factually subsumed within and necessarily related to the primary interrogatory question."[26] However, unlike in the interrogatory at issue here, each

---

[23] Defendants do not address Interrogatory Nos. 31–34 until the end of the motion. Initially, Defendants appear to move only for the Court to compel responses to Interrogatory Nos. 26–30. *See* Docket 79 at 1 (requesting Court compel responses to Interrogatory Nos. 26–30). However, Defendants subsequently request that the Court use its discretion to "compel responses from plaintiff to the four additional interrogatories." Docket 79 at 6. Because the parties agreed to limit interrogatories to thirty, the Court declines to do so. Counsel's assertion that the discovery deadline was approaching does not excuse the need to obtain leave of the Court prior to serving additional interrogatories. *See* Docket 80 at 1–2, ¶ 2; Fed. Rule Civ. P. 33(a)(1).

[24] Docket 79 at 5.

[25] Docket 88 at 7.

[26] 232 F.R.D. 552, 555 (M.D. La. 2005); *see* Docket 90 at 3.

Case No. 1:17-cv-00002-SLG, *Nye v. Viking Spirit, Inc., et al.*
Order Re Motion to Compel Responses to Defendants' Fourth Set of Discovery
Page 6 of 8

of the subparts in *Manship* related to the same communication, which dovetails with the Advisory Committee's instruction that "a question about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication."[27] Here, Interrogatory No. 21's subparts do not relate to a particular communication. Instead, they ask about different aspects of Mr. Nye's overseas travel, ranging from the identities and contact information of fellow passengers to names of the facilities at which he received treatment. Each subpart constitutes an independent question that can be answered "fully and completely" without answering the other questions posed.[28] Thus, while related, these are ultimately discrete and separate questions that Mr. Nye was entitled to treat as individual interrogatories.[29]

---

[27] *See Manship*, 232 F.R.D. at 555; Fed. R. Civ. P. 33 advisory committee's notes to 1993 amendment.

[28] *See Krawczyk v. City of Dallas*, 2004 WL 614842, at *2 (N.D. Tex. Feb. 27, 2004) ("Courts have held that interrogatory subparts are to be counted as discrete subparts if they are not 'logically or factually subsumed within and necessarily related to the primary question.' If the first question can be answered fully and completely without answering the second question, then the second question is totally independent of the first and not 'factually subsumed within and necessarily related to the primary question.'" (internal citations omitted)).

[29] *See Kendall v. GES Exposition Services, Inc.*, 174 F.R.D. 684, 685 (D. Nev. 1997) (stating the standard is whether subparts are "logically or factually subsumed within and necessarily related to the primary question"). Here, although it could be argued that the "primary question" in Interrogatory No. 21 was the phrase "[p]rovide the following information for all out-of-country travel since the date of the injury alleged in your complaint" and that each of the six questions were necessarily related to this primary question, they are each sufficiently distinct and discrete so as to not be factually subsumed by the primary question.

Case No. 1:17-cv-00002-SLG, *Nye v. Viking Spirit, Inc., et al.*
Order Re Motion to Compel Responses to Defendants' Fourth Set of Discovery
Page 7 of 8

## CONCLUSION

For the foregoing reasons, Defendants' motion to compel at Docket 79 is DENIED.

DATED this 26th day of June, 2018 at Anchorage, Alaska.

                                                        */s/ Sharon L. Gleason*
                                                       UNITED STATES DISTRICT JUDGE

Case No. 1:17-cv-00002-SLG, *Nye v. Viking Spirit, Inc., et al.*
Order Re Motion to Compel Responses to Defendants' Fourth Set of Discovery
Page 8 of 8